# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ANTONIO D. WASHINGTON,<br><br>　　　　　　Defendant. | Case No. 3:15-cr-00104-SLG |

### OMNIBUS ORDER REGARDING MOTION TO WITHDRAW, MOTION TO PROCEED IN FORMA PAUPERIS, MOTION FOR RECONSIDERATION, AND MOTION FOR APPOINTMENT OF NEW COUNSEL

Before the Court are motions relating to the transfer of defendant Antonio D. Washington's case from this Court to the Ninth Circuit. At Docket 96 is defense counsel's Motion to Withdraw as counsel of record. At Docket 91 is Mr. Washington's *pro se* "Motion: To Request (I.F.P) In forma Pauperis Status on Appeal." At Docket 97 is Mr. Washington's *pro se* "Motion to [Indecipherable] Courts to Reconsider Decisson [sic] on Compassionate Releas[e]," which the Court also construes as a motion for the appointment of new counsel.

**I.　Motion to Withdraw as Counsel of Record [Dkt. 96]**

The Court grants counsel's motion to withdraw in this matter. Mr. Washington has expressed dissatisfaction with counsel and counsel does not seek

Case 3:15-cr-00104-SLG　　Document 98　　Filed 12/03/20　　Page 1 of 3

to represent Mr. Washington on appeal.[1] The Court finds good cause to allow counsel to withdraw.

## II. Motion to proceed IFP [Dkt. 91]

The Court grants Mr. Washington's motion to proceed in forma pauperis on appeal.

## III. Motion to reconsider denial of compassionate release [Dkt. 97]

This Court will take no further action on Mr. Washington's motion to reconsider the denial of the motion for compassionate release. Mr. Washington has filed a notice of appeal of the denial of his motion for compassionate release.[2] This Court no longer has jurisdiction to hear a motion for reconsideration of the compassionate release denial because the denial is the subject of the appeal.[3] Mr. Washington must seek any relief related to the compassionate release denial from the Ninth Circuit, not from this Court. Moreover, this Court has previously declined to reconsider its denial of compassionate release.[4]

## IV. Motion for the appointment of new counsel [Dkt.97]

Mr. Washington's motion to reconsider also asks the Court to appoint him

---

[1] Docket 96 at 1; Docket 97 at 1.

[2] Docket 90; Docket 92 at 1.

[3] *United States v. Sadler*, 480 F.3d 932, 941 (9th Cir. 2007) ("Once a notice of appeal is filed, the district court loses jurisdiction over a case."); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

[4] Docket 92 at 2.

Case No. 3:15-cr-00104-SLG, *United States v. Washington*
Omnibus Order
Page 2 of 3
Case 3:15-cr-00104-SLG   Document 98   Filed 12/03/20   Page 2 of 3

counsel.[5] Because this Court no longer has jurisdiction to hear the compassionate release issue raised in this case, it will not appoint counsel in this matter at this time. However, Mr. Washington may seek appointment of counsel from the Ninth Circuit.[6]

In light of the foregoing, IT IS ORDERED that the motion to withdraw at Docket 96 is GRANTED; the motion to proceed in forma pauperis on appeal at Docket 91 is GRANTED; the motion to reconsider at Docket 97 is DISMISSED for lack of jurisdiction; the motion for appointment of new counsel at Docket 97 is DENIED.

DATED this 3rd day of December, 2020, at Anchorage, Alaska.

*/s/ Sharon L Gleason*
UNITED STATES DISTRICT JUDGE

---

[5] Docket 97 at 2.

[6] The Ninth Circuit's Form 24 may be used to request counsel on appeal.

Case No. 3:15-cr-00104-SLG, *United States v. Washington*
Omnibus Order
Page 3 of 3
Case 3:15-cr-00104-SLG   Document 98   Filed 12/03/20   Page 3 of 3