# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| ANTONIO D. WASHINGTON, | Case No. 3:15-cr-00104-SLG |
| Defendant. | |

**ORDER GRANTING EXTENSION OF TIME FOR FILING APPEAL**

On October 29, 2020, the Court issued an order denying defendant Antonio D. Washington's motion for compassionate release.[1] On November 19, 2020, Mr. Washington filed a notice of appeal relating to that order.[2] The Court accepted the notice of appeal but failed to recognize that it was untimely filed.[3] Federal Rule of Appellate Procedure 4(b)(1)(A) requires a notice of appeal to be filed within 14 days of the entry of the order being appealed. Even considering timeliness pursuant to Rule 4(c), which applies to an appeal by an inmate confined in an institution, Mr. Washington's notice of appeal was still untimely because it was not dated until November 14, 2020, and was not postmarked until November 16, 2020. The Ninth Circuit has remanded this case for this Court to determine if there is

---

[1] Docket 89.

[2] Docket 90.

[3] Docket 92 (order accepting notice of appeal).

"excusable neglect" or "good cause" to extend the time to file a notice of appeal pursuant to Rule 4(b)(4).[4]

"The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[5] "An analysis of 'excusable neglect' generally requires a court to analyze the four factors set out by the Supreme Court,"[6] which are (1) the danger of prejudice to the government; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay and whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.[7]

These four factors weigh in Mr. Washington's favor. There will be very little prejudice to the government if Mr. Washington were to file an untimely appeal. The length of the delay is minimal—the notice was due on November 12, 2020, and was filed one week later on November 19, 2020. The one-week delay will have no impact on judicial proceedings. The reason for the delay is that Mr. Washington is

---

[4] *United States v. Washington*, Ninth Circuit Court of Appeals case number 20-30255 (order dated Dec. 10, 2020).

[5] FRAP 4, Committee Notes on Rules—2002 Amendment.

[6] *United States v. Navarro*, 800 F.3d 1104, 1109 (9th Cir. 2015) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).

[7] *Pioneer*, 507 U.S. at 395.

Case No. 3:15-cr-00104-SLG, *United States v. Washington*
Order Granting Extension of Time for Filing an Appeal
Page 2 of 4
Case 3:15-cr-00104-SLG   Document 101   Filed 12/23/20   Page 2 of 4

in custody, and at the time the Court issued its order and Mr. Washington filed a notice of appeal it may have been unclear to him whether he was still represented by counsel.[8] Mr. Washington also may have had limited access to counsel and to the law library due to the COVID-19 pandemic.[9] Moreover, "[t]he United States Supreme Court requires courts to consider the unique situation of pro se prisoners when evaluating the timeliness of their appeals."[10] Finally, it appears that Mr. Washington acted in good faith, as it seems he always intended to appeal the Court's order at Docket 89 but did not do so within the prescribed time limit.

In light of the foregoing, the Court finds excusable neglect exists to allow an extension of time for the notice of appeal. Because Mr. Washington's notice of appeal was filed within the 30-day extended time period allowed by Rule 4(b)(4) and the Court has found excusable neglect, it ACCEPTS the notice of appeal that was previously filed at Docket 90.

---

[8] Mr. Washington's appointed counsel had declined to file an amended motion for compassionate release on his behalf (Docket 86) and, after Mr. Washington filed the notice of appeal, counsel moved to withdrew from the case (Docket 96).

[9] Rule 4(b)(4) "require[s] only a 'finding' of excusable neglect or good cause and not a 'showing' of them." FRAP 4, Committee Notes on Rules—1998 Amendment. *See also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (considering the *Pioneer* factors and noting that "[w]hile *pro se* litigants are not excused from following court rules, it is not apparent that Briones' failure to respond to the motion to dismiss resulted only from a failure to read and attempt to follow court rules."). !

[10] *United States v. Guzman*, No. CR 13-00565 HG-01, 2019 WL 2571245, at *1 (D. Haw. June 21, 2019) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1998)); *see also Houston*, 487 U.S. at 270–71 ("Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the clerk of court receives and stamps their notices of appeal before the . . . deadline.").

Case No. 3:15-cr-00104-SLG, *United States v. Washington*
Order Granting Extension of Time for Filing an Appeal
Page 3 of 4
Case 3:15-cr-00104-SLG   Document 101   Filed 12/23/20   Page 3 of 4

The Clerk of Court shall send a copy of this order to the Ninth Circuit Court of Appeals and serve a copy of this order on Mr. Washington at FCI Sheridan by mailing it to:

> Antonio D. Washington
> Reg. No. 18800-006
> FCI Sheridan
> Federal Correctional Institution
> P.O. Box 5000
> Sheridan, OR 97378

DATED this 22nd day of December, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:15-cr-00104-SLG, *United States v. Washington*
Order Granting Extension of Time for Filing an Appeal
Page 4 of 4
Case 3:15-cr-00104-SLG   Document 101   Filed 12/23/20   Page 4 of 4