# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

ANTONIO D. WASHINGTON,

        Defendant.

Case No. 3:15-cr-00104-SLG

## ORDER ON RENEWED MOTION FOR COMPASSIONATE RELEASE

Before the Court at Docket 123 is Defendant Antonio D. Washington's Renewed Motion for Compassionate Release. The Government filed a response in opposition at Docket 127. The U.S. Probation Office for the District of Alaska filed a sealed Compassionate Release Investigation Report at Docket 126 which recommended denying Mr. Washington's motion. Mr. Washington filed a Notice Regarding Release Plan at Docket 128 and a Letter in Support at Docket 129-1.

On July 5, 2016, this Court sentenced Mr. Washington to 162 months of incarceration after he pleaded guilty to one count of Distribution of 50 Grams or More of Actual Methamphetamine.[1] Mr. Washington is currently housed at the Anchorage Correctional Complex after he was discharged from the Cordova Center on October 7, 2025, for failing to provide a urinalysis sample.[2] Mr.

---

[1] Docket 41.

[2] Docket 123 at 1.

Washington's projected release date from Bureau of Prisons custody is December 11, 2026.[3]

This Court denied Mr. Washington's prior motion for compassionate release without prejudice to renewing the motion after Mr. Washington turned 65 years old.[4] Mr. Washington has turned 65 years old, and he renews his motion for compassionate release.[5] He seeks immediate release from BOP custody and "would agree to a condition of supervised release that he be placed at a transitional living facility with the approval of the U.S. Probation office, or home confinement."[6]

## I. Applicable Law

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction.[7] Before seeking compassionate release in district court, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[8]

---

[3] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed Jan. 21, 2026).

[4] Docket 122 at 12.

[5] Docket 123 at 1.

[6] Docket 123 at 3.

[7] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[8] 18 U.S.C. § 3582(c)(1)(A).

Case No. 3:15-cr-00104-SLG, *United States v. Washington*
Order on Renewed Motion for Compassionate Release
Page 2 of 10

If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits. To reduce a sentence on the merits, a court must find that "extraordinary and compelling reasons"—as set forth in the applicable policy statements issued by the Sentencing Commission—and the applicable 18 U.S.C. § 3553(a) factors warrant a sentence reduction.[9]

"Congress has only placed two limitations directly on extraordinary and compelling reasons: the requirement that district courts are bound by the Sentencing Commission's policy statement and the requirement that 'rehabilitation alone' is not extraordinary and compelling."[10] The policy statement is set forth in U.S. Sentencing Guideline § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," applies to all compassionate release motions.[11] Pursuant to § 1B1.13(b)(2), an extraordinary and compelling reason to warrant a sentence reduction exists if the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75% of his term of imprisonment, whichever is less.[12]

---

[9] 18 U.S.C. § 3582(c).

[10] *United States v. Roper*, 72 F.4th 1097, 1100 (9th Cir. 2023) (alteration omitted) (quoting *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022)).

[11] *See* U.S. Sent'g Guidelines Manual § 1B1.13(a) (U.S. Sent'g Comm'n 2025) ("Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . .").

[12] *Id.* § 1B1.13(b)(2).

Case No. 3:15-cr-00104-SLG, *United States v. Washington*
Order on Renewed Motion for Compassionate Release
Page 3 of 10

Case 3:15-cr-00104-SLG     Document 130     Filed 02/11/26     Page 3 of 10

Further, pursuant to § 1B1.13(b)(6), if a "defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment," a court may consider "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) . . . in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."[13]

The policy statement also includes a catchall provision for "other reasons" that may constitute an extraordinary or compelling reason warranting a sentence reduction, and specifically may consider "any other circumstance or combination of circumstances that, when considered by themselves or together" "are similar in gravity" to the enumerated reasons in § 1B1.13(b)(1) through (4).[14] And, pursuant to both 28 U.S.C. § 994(t) and § 1B1.13(d), "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason . . . . However, rehabilitation of the defendant . . . may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."[15]

---

[13] *Id.* § 1B1.13(b)(6).

[14] *Id.* § 1B1.13(b)(5).

[15] *Id.* § 1B1.13(d).

Case No. 3:15-cr-00104-SLG, *United States v. Washington*
Order on Renewed Motion for Compassionate Release
Page 4 of 10

Case 3:15-cr-00104-SLG    Document 130    Filed 02/11/26    Page 4 of 10

## II. Discussion

As an initial matter, the Court finds that Mr. Washington has exhausted his administrative remedies.[16] The Government agrees that Mr. Washington's motion is property before the Court.[17] Turning to the merits, Mr. Washington contends that he can show that extraordinary and compelling reasons warrant a sentence reduction "based on his age, the unusual length of his sentence, rehabilitative history," and because BOP has refused to release him to a halfway house.[18]

### a. Age of the Defendant

To establish an extraordinary and compelling reason under § 1B1.13(b)(2), the defendant be at least 65 years old, experience a serious deterioration in physical health because of aging, and have served at least 10 years of his term of imprisonment.[19] Mr. Washington is 65 years old and has served at least 10 years of his term of imprisonment; he has diabetes, hypertension, and an enlarged prostate.[20] The Government agrees that Mr. Washington suffers from these health conditions but contends that he has not demonstrated "that he is seriously

---

[16] Docket 123-1; Docket 123-2.

[17] Docket 123 at 5-7; Docket 127 at 6.

[18] Docket 123 at 7.

[19] U.S.S.G. § 1B1.13(b)(2).

[20] Docket 123 at 12.

Case No. 3:15-cr-00104-SLG, *United States v. Washington*
Order on Renewed Motion for Compassionate Release
Page 5 of 10

deteriorating."[21]   Mr. Washington has also been diagnosed with "Hyperlipidemia, Mononeuropathy of Upper Limb, and Osteoarthritis."[22]

The Court finds that Mr. Washington's numerous medical conditions and Mr. Washington's inability to provide a urinalysis sample due to his enlarged prostate demonstrate that Mr. Washington is experiencing a deterioration in his physical health because of the aging process.   However, Mr. Washington has not demonstrated that the extent of this deterioration is so serious as to constitute an extraordinary and compelling reason pursuant to § 1B1.13(b)(2).

### b.  Change in the Law

To establish an extraordinary and compelling reason based on a change in the law, a defendant must have received an unusually long sentence and served at least 10 years of the term of imprisonment and the change in the law must "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."[23]   Mr. Washington contends that this Court's change in sentencing practice—applying the Guideline for a mixture of methamphetamine rather than the Guideline for actual methamphetamine in all cases involving methamphetamine—is a change in the law that the Court can consider as an extraordinary and compelling reason

---

[21] Docket 127 at 7-8.

[22] Docket 126 (SEALED) at 2.

[23] U.S.S.G. § 1B1.13(b)(6).

Case No. 3:15-cr-00104-SLG, *United States v. Washington*
Order on Renewed Motion for Compassionate Release
Page 6 of 10

because his 162-month sentence was unusually long and he has served at least 10 years.[24] However, this Court previously ruled that the district-wide change in the sentencing of methamphetamine offenses is not a change in the law and declines to reconsider that ruling.[25]

### c. Other Reasons Similar in Gravity

Pursuant to § 1B1.13(b)(5), a court may find that an extraordinary and compelling reason warrants a sentence reduction based on "any other circumstance or combination of circumstances that, when considered by themselves or together" "are similar in gravity" to the enumerated reasons.[26]

As discussed above, the Court has found that neither Mr. Washington's age and medical circumstances nor the change in this Court's sentencing practices with for methamphetamine crimes independently amounted to an extraordinary and compelling reason for a sentence reduction. However, the Court finds that these circumstances in combination—in addition to Mr. Washington's successful performance of the Cordova Center's conditions for eight months before his inability to provide a urinalysis sample—are similar in gravity to the enumerated reasons described in paragraph (1) through (4) of the policy statement.

---

[24] Docket 123 at 9-10.

[25] Docket 122 at 10 n.40.

[26] U.S.S.G. § 1B1.13(b)(5).

Case No. 3:15-cr-00104-SLG, *United States v. Washington*
Order on Renewed Motion for Compassionate Release
Page 7 of 10

This Court may consider Mr. Washington's rehabilitation pursuant to 28 U.S.C. § 994(t) and § 1B1.13(d) "in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."[27]  Mr. Washington was gainfully employed during the eight months he was at the Cordova Center and his supervisor provided a character letter showing that Mr. Washington was a valuable and diligent employee during that time.  Further, there is no indication that Mr. Washington failed to comply with any other conditions imposed by the Cordova Center leading up to his inability to provide a urinalysis sample throughout those months.

In sum, the Court finds that Mr. Washington's age, medical circumstances, and rehabilitation, in combination with this Court's changed sentencing practice, are similar in gravity to the reasons enumerated in the Guidelines.  Therefore, Mr. Washington has established that an extraordinary and compelling reason warrants a sentence reduction.

### d.  Section 3553(a) Factors

As the Court finds that Mr. Washington has established an extraordinary and compelling reason for a reduction in his sentence, the Court now considers whether and to what degree a reduction is appropriate under the § 3553(a) factors. The Court finds that, in light of the applicable § 3553(a) factors, a reduction to time served is warranted.  Mr. Washington has served 10 years and a sentence of time-

---

[27] *Id.* § 1B1.13(d).

Case No. 3:15-cr-00104-SLG, *United States v. Washington*
Order on Renewed Motion for Compassionate Release
Page 8 of 10
Case 3:15-cr-00104-SLG    Document 130    Filed 02/11/26    Page 8 of 10

served would appropriately reflect the seriousness of Mr. Washington's offenses, his history and characteristics, including only three infractions in 10 years, his completion of over 400 hours of various classes while in BOP custody, and his employment after his release from BOP custody to the Cordova Center.[28]  While Mr. Washington was disciplined for failing to provide a urinalysis sample, his inability to do so appears to be related to his medical conditions and he had otherwise complied with the Cordova Center's conditions during the eight months prior.

A sentence of time served would also promote respect for the law, afford adequate deterrence, protect the public, and provide just punishment.[29]  Just punishment would not be furthered by returning Mr. Washington to prison for up to 14 months due to his failure to provide one urinalysis sample.  A sentence reduction to time served would also avoid unwarranted sentence disparities among defendants with similar records who were sentenced after the Court's change in practice regarding sentencing based on a mixture of methamphetamine.  And given Mr. Washington's overall strong track record while at the Cordova Center,

---

[28] Docket 123 at 4; Docket 126 (SEALED) at 2; Docket 129-1 (letter of support from Mr. Washington's employer while Mr. Washington was at the Cordova Center noting that Mr. Washington was "consistently punctual and performed his duties at an exceptional level" and "worked well with all staff members, followed directions carefully, and maintained a positive attitude at all times").

[29] 18 U.S.C. § 3553(a)(1)-(2).

Case No. 3:15-cr-00104-SLG, *United States v. Washington*
Order on Renewed Motion for Compassionate Release
Page 9 of 10

there does not appear to be a need to protect the public by requiring further incarceration.

Therefore, the Court finds that there are extraordinary and compelling reasons that warrants a sentence reduction and that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction to time-served.

### III.    Conclusion

In light of the foregoing, the Court **GRANTS** Defendant's Renewed Motion for Compassionate Release at Docket 123.  Mr. Washington's sentence is reduced to time-served.  Mr. Washington shall be released to begin his term of supervised release.   His conditions of supervision shall be modified to include a provision to spend up to 180 days at a transitional living center at the direction of the probation officer.  The Clerk of Court shall issue an amended judgment accordingly.

DATED this 11th day of February, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:15-cr-00104-SLG, *United States v. Washington*
Order on Renewed Motion for Compassionate Release
Page 10 of 10

Case 3:15-cr-00104-SLG    Document 130    Filed 02/11/26    Page 10 of 10